IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>vs.<br><br>KADONTA MULDREW and JERON MORRIS,<br><br>          Defendants. | 8:24-CR-104<br><br>AMENDED PRELIMINARY ORDER OF FORFEITURE |

      This matter is before the Court on the Government's Third Amended Motion for Preliminary Order of Forfeiture. Filing 134. The Court has reviewed the record in this case and, being duly advised in the premises, finds as follows:

      1. On August 18, 2025, the Court held a change of plea hearing for defendant Kadonta Muldrew, and defendant Muldrew entered a plea of guilty to Counts I, II, and III of the Indictment. In his signed Petition to Enter a Plea of Guilty, specifically Question 17, Muldrew indicated that he would be forfeiting property to the United States as a result of his plea. Filing 79.

      2. On August 20, 2025, the Court held a change of plea hearing for defendant Jeron Morris, and defendant Morris entered a plea of guilty to Counts I, IV, and VI of the Indictment. In his signed Petition to Enter a Plea of Guilty, specifically Question 17, Morris indicated that he would be forfeiting property to the United States as a result of his plea. Filing 94. Morris maintained his plea of not guilty with respect to Count V.

      3. Count I charged both defendants with conspiracy to distribute and possess with intent to distribute 40 grams or more of fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1). Count II

charged Muldrew with possessing with the intent to distribute 40 grams or more of fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1). Count III charged Muldrew with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). Count IV charged Morris with possessing with the intent to distribute 40 grams or more of fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1). Count V charged Morris with possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Count VI charged Morris with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).

4. On August 28, 2025, a jury returned a guilty verdict as to Morris on Count V of the Indictment. Accordingly, Muldrew stands convicted of Counts I, II, and III of the Indictment and Morris stands convicted of Counts I, IV, V, and VI of the Indictment.

5. On September 4, 2025, the Court entered a Preliminary Order of Forfeiture, Filing 133, forfeiting all the assets listed in the Indictment, except that the amount of $118,950.000 in United States currency listed in the Indictment was corrected to $19,000.00 upon the Government's Motion, *see* Filing 132 at 2.

6. Following the issuance of the Preliminary Order of Forfeiture, the Government filed the present Third Amended Motion for Preliminary Order of Forfeiture. Filing 134. In that Motion, the Government stated, "It has come to light that the amount of $118,950.00 listed in the Indictment is incorrect and the correct amount is $119,000.00." Filing 134 at 2.

7. By virtue of both defendants' guilty pleas and the adjudication of guilt as to Count V in Morris's case, the defendants have forfeited their interests in the property listed in the Indictment, except that the amount of $118,950.00 in United States currency listed in the Indictment should be corrected to an amount of $119,000.00 in United States currency. Accordingly, the Government is

entitled to possession of the property listed in the Indictment pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c).

8. The Government's Third Amended Motion for Preliminary Order of Forfeiture should be granted.

IT IS ORDERED:

1. The Government's Third Amended Motion for Preliminary Order of Forfeiture, Filing 134, is granted.

2. Based upon the Forfeiture Allegation of the Indictment, the pleas of guilty, and the adjudication of guilt as to Count V in Morris's case, the Government is hereby authorized to seize the $119,000.00, $11,301.00, and $5,694.00 in United States currency and the Glock 17 9mm semi-automatic handgun with serial number 044836GEN1, the Smith & Wesson Bodyguard .380 semi-automatic handgun with serial number KHR3716, the Canik TP-9SFX 9mm semi-automatic handgun with serial number 22BC19464, and the Canik Mete MC9 9mm semi-automatic handgun with serial number 23CT51027 (collectively, the Property).

3. Defendants' interests in the Property are hereby forfeited to the Government for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n)(1).

4. The Property is to be held by the Government in its secure custody and control.

5. Pursuant to 21 U.S.C. § 853(n)(1), the Government shall publish for at least thirty consecutive days on an official internet government forfeiture site, www.forfeiture.gov, notice of this Amended Preliminary Order of Forfeiture, notice of publication evidencing the Government's intent to dispose of the subject property in such manner as the Attorney General may direct, and notice that any person, other than the defendants, having or claiming a legal interest in any of the

subject property must file a Petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

6. The published notice shall state the Petition referred to in Paragraph 5, above, shall be for a hearing to adjudicate the validity of the Petitioner's interest in the Property, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title, or interest in the Property and any additional facts supporting the Petitioner's claim and the relief sought.

7. The Government may also, to the extent practicable, provide direct written notice to any person known to have an interest in the Property as a substitute for published notice as to those persons so notified.

8. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

Dated this 16th day of September, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge